IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| JEROME MAYFIELD,<br><br>Petitioner<br><br>VS.<br><br>DAVID FRAZIER, Warden,<br><br>Respondent | NO.  3:09-CV-91 (CDL)<br><br>Proceedings Under 28 U.S.C. §2254<br>Before the U.S. Magistrate Judge |

## RECOMMENDATION TO DISMISS

On July 13, 2009, petitioner Jerome Mayfield executed a petition seeking federal habeas corpus relief. Tab #1. After being served with this action, respondent David Frazier filed a response (Tab #8) and a motion seeking dismissal of the petition contending that it is untimely filed under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. §2244(d) (Tab #9). Petitioner Mayfield was then ordered to respond to the motion seeking dismissal. Tab #10. However, to date, no response has been filed. Respondent's motion is now ripe for review.

### LEGAL STANDARDS

The relevant provisions of the AEDPA, 28 U.S.C. §2244(d) provide as follows:

*(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.  The limitation period shall run from the latest of —*

*(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*

*(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;*

*(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or*

*(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*

*(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

## FACTUAL AND PROCEDURAL HISTORY

In April of 2004, in Franklin County, Georgia, petitioner Mayfield was convicted by a jury on two counts of felony obstruction of a police officer, terroristic threats, misdemeanor obstruction of an officer, and misdemeanor driving with a broken windshield.  He was sentenced to serve three, consecutive five year terms, as well as two concurrent one year terms, totaling 15 years.  Petitioner Mayfield directly appealed his convictions and sentences.  They were, however, affirmed on November 23, 2005.  *Mayfield v. State*, 276 Ga. App. 544, 623 S.E.2d 725 (2005).

On July 5, 2006, the petitioner filed a **state** habeas corpus petition in the Superior Court of Hancock County, Georgia.  On July 7, 2008, following an evidentiary hearing, his **state** habeas corpus petition was denied.  A subsequently filed application for a certificate of probable cause to appeal the denial of **state** habeas corpus relief was denied by the Georgia Supreme Court on January 26, 2009.  On July 13, 2009, petitioner Mayfield executed the instant **federal** petition.

## DISCUSSION

Upon review of the positions of the petitioner and respondent herein, the undersigned finds persuasive the respondent's argument that the instant petition is untimely filed.  In support of this conclusion, the undersigned makes the following findings: (1) petitioner Mayfield's convictions became final on or about December 5, 2005, the first business day following the date on which the 10-day period for filing a notice of intent to seek *certiorari* in the Georgia Supreme Court, pursuant to Rule 38 of both the Court of Appeals and the Georgia Supreme Court, expired; (2) petitioner Taylor waited until July 5, 2006 to file a **state** habeas petition; (3) following the January 26, 2009 denial of his application for a certificate of probable cause to appeal the denial of his **state** habeas corpus petition, petitioner Mayfield waited until July 13, 2009 to execute and submit the instant **federal** petition; and, (4) the amount of un-tolled time that elapsed between the petitioner's convictions becoming final and the submission of this **federal** habeas corpus petition totals three-hundred-eighty (380) days.

In view of the above, it is clear that petitioner Mayfield exceeded the applicable one-year period of limitations. Accordingly, the respondent's motion seeking dismissal should be **GRANTED** and the instant petition for habeas corpus relief be **DENIED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.  The Clerk is directed to serve the petitioner at the **LAST ADDRESS** provided by him.

**SO RECOMMENDED**, this 7th day of April, 2010



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE